Reversed and remanded.

## DAN F. PRICE v. SIMPSON McCOY.

(No. 1695, Op. Book No. 3, p. 723.)

APPEAL from Frio County. Opinion by WINKLER, J.

§ **181.** *Tender; money must be paid into court.* When a party offers to pay a named amount in satisfaction of a debt, he need not count the money out and offer it to the creditor, when the creditor informs him that he will not accept the amount named in payment of the debt. But a party who pleads a tender must produce and pay into court at the time of the trial the amount tendered, or his plea will not avail him.

§ **182.** *Attorney's employment; statute of frauds.* If the proof showed an engagement of the plaintiff by the defendant to represent the defendant's son as local counsel on the trial, and in preparing the case for trial, or if the defendant received and enjoyed the benefit of plaintiff's services during the preparation of the case for trial, the plaintiff would be entitled either to compensation agreeably to the contract, or to the reasonable value of his services. The undertaking of the defendant, if he did employ the plaintiff, was the defendant's own undertaking, and not an agreement to answer for the debt or default of another, and hence was not such a contract as

72

was required to be in writing by the provisions of the statute of frauds.

Reversed and remanded.